UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/25/2024
```

---

TRAVELERS INDEMNITY COMPANY and
TRIUMPH CONSTRUCTION CORP.,

          Plaintiffs,

          -against-

UNITED STATES FIRE INSURANCE COMPANY,

          Defendant.

---

1:22-cv-6440-MKV

**<u>MEMORANDUM OPINION
AND ORDER GRANTING IN
PART AND DENYING IN PART
MOTION TO DISMISS</u>**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs Travelers Indemnity Company ("Travelers") and Triumph Construction Corporation ("Triumph") seek a declaration that United States Fire Insurance Company ("U.S. Fire") is obligated, pursuant to an auto insurance policy issued by U.S. Fire to Triumph, to assume the costs of defending an underlying lawsuit. U.S. Fire moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

<b><u>BACKGROUND</u></b>[1]

### I.    The Underlying Litigation

Triumph, a construction company, was contracted by the City of New York (the "City") to manage a construction project located in Brooklyn, New York (the "Project"). *See* Amended Complaint ¶¶ 4–6 [ECF No. 17] ("Am. Compl."). On October 4, 2018, Asdrubal Rodas, an employee of Triumph, was injured at the Project. Am. Compl. ¶ 8.

---

[1] The facts are taken from the Amended Complaint, and for purposes of this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court also relies on the insurance contract, which is incorporated by reference into the Amended Complaint. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

1

Rodas later filed an action against the City in New York state court, *Rodas v. City of New York*, Index No. 511143/2019 (N.Y. Sup. Ct., N.Y. Co. 2019), alleging that he was "struck by a hoisted metal plate being transported by a Komatsu WA380 wheel loader" (the "Wheel Loader") at the Project (the "*Rodas* action"). Am. Compl. ¶ 8. Rodas seeks damages for his injuries under the New York Labor Law and the New York Industrial Code. *See* Falcone Aff. Ex. 5 ¶ 30 ("*Rodas* Complaint") [ECF No. 20-5].[2]

## II. The Travelers Policy and the U.S. Fire Policy

Travelers issued a commercial general liability policy to Triumph for the policy period of August 1, 2018 to August 1, 2019 ("Travelers Policy"). Am. Compl. ¶ 11. U.S. Fire separately issued a business auto insurance policy (the "U.S. Fire Policy") to Triumph for the same period, which lists the Wheel Loader as an insured vehicle. Am. Compl. ¶¶ 15, 18; Ward Ex. M [ECF No. 23-16–23-17] ("Policy").[3] The City is as an "additional insured" under both the Travelers and U.S. Fire policies. Am. Compl. ¶¶ 13, 20.

Relevant here, the U.S. Fire Policy contains a Mobile Equipment Endorsement (the "Equipment Endorsement") which excludes from coverage any "bodily injury . . . resulting from

---

[2] The Court may take judicial notice of the allegations in the *Rodas* action. *See U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, No. 98-cv-3099, 2001 WL 300735, at *9 n.7 (S.D.N.Y. Mar. 27, 2001) ("With respect to materials from the State Court Action, the Court may take judicial notice of the relevant pleadings, motion papers, orders, and judgments in the State Court Action without converting [the motion to dismiss] to one for summary judgment."); *Hooks v. City of New York*, No. 21-cv-10771, 2022 WL 16964010, at *4 (S.D.N.Y. Nov. 16, 2022) ("[C]ourts may take judicial notice of court documents and other public records . . . to determine what statements the public records contained.").

[3] The parties each provide their own version of the U.S. Fire Policy. *Compare* Ward Ex. M [ECF No. 23-16–23-17]*, with* Falcone Ex. A [ECF No. 20-1–20-3]. However, the only relevant difference between the two documents identified by the parties is the ordering of certain pages. Because the Court is obligated to "consider [the] facts in the light most favorable to the plaintiff" when resolving a motion to dismiss, *DeMasi v. Benefico*, 567 F. Supp. 2d 449, 452–53 (S.D.N.Y. 2008), the Court has considered the Policy provided by Plaintiff.

the operation of any machinery or equipment that is on, attached to or part of any of [the insured] vehicles." U.S. Fire Policy 69.[4]

### III.    Plaintiffs' Claim for Coverage

The City tendered the defense of the *Rodas* action to Travelers and U.S. Fire.  Travelers agreed to defend—and continues to defend—the City in the *Rodas* action. Am. Compl. ¶¶ 13, 14. U.S. Fire, however, denied the City's claim for coverage. Am. Compl. ¶ 23.

Plaintiffs then filed a complaint in New York state court, seeking a declaration that U.S. Fire must defend and indemnify the City in the underlying *Rodas* action, and reimburse Travelers for the defense costs it has incurred. *See* State Court Complaint [ECF No. 1-1].  U.S. Fire thereafter removed the case to this Court. *See* Notice of Removal [ECF No. 1].  Plaintiffs later filed a five-page amended complaint (the "Complaint" or the "Amended Complaint"), and U.S. Fire moved to dismiss. *See* Motion to Dismiss [ECF No. 18]; Memorandum of Law in Support [ECF No. 19] ("Def. Mem.").  Plaintiffs filed an opposition, which was accompanied by over 600 pages of exhibits, consisting of a hodge-podge of witness affidavits, vehicle brochures, emails, and other documents.[5] *See* Memorandum of Law in Opposition [ECF No. 23] ("Opp.").  U.S. Fire replied. *See* Reply Memorandum of Law [ECF No. 24] ("Reply").

### LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the Amended Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows

---

[4] All pincites to the U.S. Fire Policy refer to PDF pagination.

[5] On a Rule 12 motion addressed to the legal sufficiency of the complaint, the Court considers *only* the allegations of the complaint, documents attached to the complaint, documents incorporated by reference, matters of which judicial notice may be taken, documents that were in plaintiff's possession and/or that plaintiff had knowledge of and relied on in bringing suit. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (alterations omitted).

## **ANALYSIS**

### I.       **By Its Express and Unambiguous Terms, the Mobile Equipment Endorsement Bars Coverage for Rodas' Injuries**

Accepting the facts of the Complaint as true, *see Iqbal*, 556 U.S. at 678, Plaintiffs' claim for coverage under the U.S. Fire Policy is plainly barred by the language of the Equipment Endorsement. Rodas alleges that he was injured after being "struck by a hoisted metal plate being transported by" the Wheel Loader.[6] Am. Compl. ¶ 8; *see also Rodas* Complaint ¶ 29 ("[W]hile [Rodas] was . . . working at [the Project], he was . . . injured when he was caused to be knocked to the ground by a swinging and inadequately controlled suspended load being transported by [the Wheel Loader].").  This is precisely the type of claim barred by the Equipment Endorsement, which excludes coverage for "bodily injury . . . result[ing] from the operation of any machinery or equipment that is on, attached to or part of any of [the insured] vehicles." U.S. Fire Policy 69. The metal plate that was "hoisted" and "being transported by" the Wheel Loader was "equipment"

---

[6] Plaintiffs do not argue that the "hoisted metal plate" was not "machinery or equipment," or that Rodas' bodily injury did not "aris[e] out of the operation of" that machinery or equipment.

that necessarily must have been "attached to" or "on" the vehicle. *See White v. Cont'l Cas. Co.*, 9 N.Y.3d 264, 267, 878 N.E.2d 1019, 1021 848 N.Y.S.2d 603, 605 (N.Y. 2007) ("As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning."). Thus, the U.S. Fire Policy provides no coverage.

Courts addressing similar policies and factual circumstances have reached the same conclusion. *See, e.g.*, *Miller v. Columbia Ins. Co.,* No. 14-cv-00003, 2015 WL 12684304, at *3 (D. Alaska Aug. 14, 2015) (applying exclusion barring claims for "bodily injury . . . arising out of the operation of . . . [m]achinery or equipment that is on, attached to, or part of, a land vehicle" where "[plaintiff's] injuries resulted from the negligent operation of the boom that was attached to the truck"); *People's Tr. Ins. Co. v. Progressive Express Ins. Co.*, 336 So. 3d 1207, 1211 (Fla. Dist. Ct. App. 2021) (applying exclusion barring "any claim for property damage 'arising out of the operation of . . . machinery or equipment that is on, attached to, or part of, a land vehicle' where there was "no dispute that the crane was in use at the time of the incident and that the property damage arose out of the operation of the crane"); *West v. Clean Rite Septic Tank Serv., LLC*, 16-cv-0306, 2017 WL 123817, at *2 (La. App. Jan. 11, 2017) (concluding that the "trial court did not err in finding that Progressive's policy [did] not cover the damages claimed by [plaintiffs]" where "[t]he policy clearly indicate[d] that bodily injury, property damage, or pollution costs will be covered, *unless* such damages were caused by the operation of equipment," and plaintiffs' "damages allegedly were caused by the operation of the pump on the septic truck, not by the truck itself" (emphasis in original)). Thus, the Equipment Endorsement precludes coverage.

**II.     U.S. Fire Is Precluded from Relying on the Mobile Equipment Endorsement with Respect to the Claims Asserted by Plaintiff Triumph**

Plaintiffs contend, however, that U.S. Fire may not rely on the Equipment Endorsement because U.S. Fire failed to properly assert it as a ground for its denial of coverage. Opp. 11–12.

In New York, where an insurer seeks to deny coverage under a policy for "death or bodily injury" arising out of an accident, the insurer "shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." N.Y. Ins. Law § 3420(d)(2). The New York Court of Appeals has cautioned that, to satisfy Section 3420(d)(2), an insurer's disclaimer of coverage must "apprise the claimant with a *high degree of specificity* of the ground or grounds on which the disclaimer is predicated." *Gen. Acc. Ins. Grp. v. Cirucci*, 46 N.Y.2d 862, 864, 387 N.E.2d 223, 225, 414 N.Y.S.2d 512, 514 (N.Y. 1979) (emphasis added); *see also City of New York v. Phila. Indem. Ins. Co.*, 485 F. Supp. 3d 410, 419 (S.D.N.Y. 2020) (concluding that insurer's "failure to give specific notice of the [policy exclusion at issue] is the kind of error that would lead to 'difficulty assessing whether the insurer will be able to disclaim successfully.'" (quoting *Cirucci*, 46 N.Y.2d at 864, 387 N.E.2d at 225, 414 N.Y.S.2d at 514)).

U.S. Fire's purported failure to comply with Section 3420(d) is entirely irrelevant with respect to Plaintiff Travelers. Section 3420(d) "does not apply to claims between insurers." *JT Magen v. Hartford Fire Ins. Co.*, 64 A.D.3d 266, 269, 879 N.Y.S.2d 100, 102 (1st Dep't 2009); *Pearson Cap. Partners LLC v. James River Ins. Co.*, 151 F. Supp. 3d 392, 407 (S.D.N.Y. 2015) ("The text of Section 3420(d)(2) specifically requires that the insurer 'give written notice to the insured and the injured person or any other claimant.' The phrase 'any other claimant' refers to 'any party that has a claim against the insured arising under the policy,' which by definition excludes other insurers of the insured."). Because Travelers (an insurer) is asserting a claim against U.S. Fire (another insurer), U.S. Fire's compliance with Section 3420(d)(2)—or lack thereof—is not a bar to invocation of the Equipment Endorsement with respect to Travelers.

6

Plaintiff Triumph (the insured), however, may rely on Section 3420(d)(2). Alongside their opposition brief, Plaintiffs provided the initial disclaimer of coverage (the "Disclaimer") sent by U.S. Fire to Triumph.[7] *See* Ward Ex. O 2 [ECF No. 23-19] ("Ex. O"). According to Plaintiffs, the Disclaimer was defective because it did *not* deny coverage based on the Equipment Endorsement. *See* Opp. 12. Instead, the Disclaimer explained that coverage was not provided by the U.S. Fire Policy because the Wheel Loader was not an "auto" as defined by the U.S. Fire Policy. The Disclaimer does not quote or refer to the Equipment Endorsement. *See* Ex. O; *see also Ability Transmission, Inc. v. John's Transmission, Inc.*, 150 A.D.3d 1056, 1057, 55 N.Y.S.3d 367, 369 (2d Dep't 2017) ("[T]he exclusion upon which Merchants now relies was not mentioned in its disclaimer letter and, therefore, any argument based on that exclusion has been waived.").

Drawing all reasonable inferences in favor of Plaintiff at this stage, the Court finds that the Disclaimer may not have informed Triumph of the applicability of the Equipment Endorsement "with a high degree of specificity," as required under New York law. *Cirucci*, 46 N.Y.2d at 864, 387 N.E.2d at 225, 414 N.Y.S.2d at 514. This failure may, under New York law, work a waiver of any argument by U.S. Fire based on the Equipment Endorsement. Accordingly, the Court cannot conclude, as a matter of law, that the Equipment Endorsement precludes the claims asserted by Plaintiff Triumph. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("[A] ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."). Accordingly, the claims asserted by Plaintiff Triumph may proceed.

---

[7] The Court may rely on the Disclaimer for purposes of resolving this motion as it was both "in plaintiffs' possession" and is a document "of which plaintiffs had knowledge and relied on in bringing suit." *Chambers*, 282 F.3d at 153.

### III.   The Mobile Equipment Endorsement Bars
### the Claims Asserted by Plaintiff Travelers

The other arguments by Plaintiff Travelers against dismissal are not persuasive.  First, Travelers contends that the Equipment Endorsement is inapplicable because it "does not contain any language purporting to modify the U.S. Fire Policy's coverage form."  Opp. 11.  That is false.  Quite the opposite, the Equipment Endorsement clearly states that it "modifies insurance provided under . . . the Business Auto Coverage Form."  U.S. Fire Policy 68.  Thus, this argument is both wrong and unconvincing.

Travelers next attempts to salvage its claims by relying on unpled allegations relating to the Wheel Loader.  The Complaint does not describe the Wheel Loader in any detail.  *See* Am. Compl. ¶ 8.  However, in the opposition brief, Travelers describes the Wheel Loader as having "a small cab for the driver and a permanent large bucket at the front."  Opp. 3.  Based on these unpled allegations, Travelers baldly asserts that the Equipment Endorsement "does not apply pursuant to New York law given the nature of the Wheel Loader and the nature of the accident."  Opp. 12.  Specifically, Travelers contends that because the bucket is not "separate and distinct from the [Wheel Loader] itself, auto coverage applies."  Opp. 14.  As an initial matter, it is well settled that "[p]laintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to [a defendant's] motion to dismiss."  *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 (S.D.N.Y. 2013).  Travelers' reliance on these unpled allegations in the opposition brief is, therefore, improper.  In any event, it is unclear why—or how—Travelers' discussion of the bucket of the Wheel Loader is in any way relevant to this dispute.  The Complaint does not allege that Rodas was injured by the bucket of the Wheel Loader, nor does it mention the word "bucket" at all.  Instead, Plaintiff alleges that Rodas was injured "by a hoisted metal plate" that was "being transported by" the Wheel Loader.  Am. Compl. ¶ 8.  The metal plate that was

"being transported by" the Wheel Loader is plainly distinct from the Wheel Loader itself and is "equipment" within the plain meaning of the Equipment Endorsement that excludes coverage. This argument does not move the needle.[8]

Relatedly, the Court is unimpressed by Plaintiffs' efforts to rewrite the Complaint through their opposition brief. For example, the opposition brief repeatedly states that Rodas was "struck *by the Wheel Loader*." Opp. 17 (emphasis added); *see also* Opp. 15 ("Rodas was working for Triumph when he was allegedly struck *by the Wheel Loader*." (emphasis added)); Opp. 7 ("[Rodas] was working for Triumph when he was allegedly struck *by the Wheel Loader*." (emphasis added)). These assertions are at odds with the allegations of the Complaint, which state that Rodas "was allegedly struck *by a hoisted metal plate being transported by a Komatsu WA380 wheel loader*." Am. Compl. ¶ 8 (emphasis added); *see also* Am. Compl. ¶ 11 ("It has been alleged in Rodas that Rodas was employed by Triumph, that Rodas was injured when he was caused to be knocked to the ground *by a hoisted metal plate being transported by a wheel loader* driving down a city street." (emphasis added)). These revisions appear aimed at persuading the Court that this incident was "a classic auto accident." Opp. 17. Regardless, because "Plaintiffs cannot amend their complaint by asserting new facts . . . for the first time in opposition to [a] motion to dismiss," the Court will not consider the newfound allegations included in the opposition brief. *K.D. ex rel. Duncan*, 921 F. Supp. 2d at 209.[9]

---

[8] The Court finds Plaintiff's legal citations to be inapposite and unpersuasive. In *Lazzari v. Qualcon Construction, LLC*, 162 A.D.3d 440, 78 N.Y.S.3d 126 (1st Dep't 2018), the First Department addressed whether an injured plaintiff had satisfied a serious injury threshold. 162 A.D.3d at 440–41, 78 N.Y.S.3d at 128. There was no mobile equipment endorsement at issue. *Id.* The Third Department similarly did not address a mobile equipment endorsement in either *Pesta v. City of Johnstown*, 53 A.D.3d 884, 862 N.Y.S.2d 162 (3d Dep't 2008) (dump truck considered an "auto" under insurance policy), or in *Martinelli v. Travelers Property Casualty Insurance Co.*, 271 A.D.2d 890, 706 N.Y.S.2d 515 (3d Dep't 2000) (cement shoot was proximate cause of plaintiff's injuries).

[9] Travelers contends that if the Court finds "the U.S. Fire Policy does not apply to the Wheel Loader for Rodas' accident," then any grant of coverage provided by the U.S. Fire Policy would be merely illusory. Opp. 19. Travelers' argument fails because the Court does *not* conclude that the U.S. Fire Policy does not apply to the Wheel Loader.

For these reasons, dismissal of the claims asserted by Plaintiff Travelers is proper.

## III.      Futility of Further Amendment

Further amendment of the Complaint would be futile.  New York law states that the duty to defend is determined by comparing the allegations of the underlying complaint with the insurance policy.  *See Sammy v. First American Title Ins. Co.*, 205 A.D.3d 949, 954–55, 168 N.Y.S.3d 519, 524 (2d Dep't 2022).  Here, the allegations of the *Rodas* complaint fall squarely within the Equipment Endorsement exclusion.  No amendment by Travelers can cure this deficiency.

Moreover, Plaintiffs have already amended their complaint once and do not request leave to amend again.  Accordingly, the dismissal of the claims asserted by Plaintiffs Travelers is with prejudice.  *See Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022) ("[W]e certainly see no error or abuse of discretion in the District Court's dismissal of Felder's complaint with prejudice, as Felder did not request leave to re-amend."); *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) ("Given that Trautenberg did not move for leave to replead in opposition to [the] motion to dismiss his original complaint with prejudice, the district court did not abuse its discretion by failing to grant him, *sua sponte*, leave to replead.").[10]

---

Quite the opposite, the Court finds, for purposes of this motion, that the Wheel Loader *is* a covered auto, *see* Am. Compl. ¶ 18, but that the Equipment Endorsement operates to exclude coverage where, as here, it is alleged that an individual was injured by machinery or equipment "*being transported by*" the Wheel Loader.  Am. Compl. ¶ 8 (emphasis added).  Coverage is therefore not illusory.  *See Lend Lease (US) Const. LMB Inc. v. Zurich American Ins. Co.*, 28 N.Y.3d 675, 685, 71 N.E.3d 556, 562, 49 N.Y.S.3d 65, 71 (N.Y. 2017) ("[A]n insurance policy is not illusory if it provides coverage for *some acts*," even if it is "subject to a potentially wide exclusion.").

[10] In their opposition brief, Plaintiffs urge the Court "to grant Plaintiffs summary judgment on the issue of whether the accident is covered under the U.S. Fire Policy."  Opp. 18.  This request is grossly improper.  As an initial matter, Plaintiffs did not file a pre-motion letter, as required by this Court's Individual Rules of Practice in Civil Cases, *see* Indiv. R. 4.A.i, nor did they file a formal motion for summary judgment.  Moreover, Plaintiffs concede that "no discovery has been conducted in this action."  Opp. 18.  The Court will therefore not entertain this request further, nor will it consider the unsolicited and unnecessary witness statements and other evidentiary materials submitted by Plaintiffs with their opposition brief, which is entirely improper on a Rule 12 motion.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART. The claims asserted by Plaintiff Travelers only are DISMISSED with prejudice. The Clerk of Court is respectfully requested to terminate docket entry 18.


**SO ORDERED.**

**Date:   January 25, 2024**             _____
         **New York, NY**                **MARY KAY VYSKOCIL**
                                         **United States District Judge**

11